IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF NORTH CHICAGO, an Illinois Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06 C 0962 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| VAHAN HANOVNIKIAN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The City of North Chicago sues Vahan Hanovnikian, the owner of ten parcels of land located in North Chicago, Illinois, for alleged environmental contamination. North Chicago claims Hanovnikian contributed to the release of hazardous substances to the soil, subsoil, and groundwater of his properties. North Chicago asserts claims based on: (1) the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* (Count I); (2) the North Chicago Code of Ordinances (Count II); (3) the Illinois Public Nuisance Act, 720 ILL. COMP. STAT. 5/47-5 (Count III); and (4) common law public nuisance (Count IV). Hanovnikian moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons set forth below, the motion is denied.

## BACKGROUND

The following facts are derived from the complaint. Since 1997, Hanovnikian owned and controlled ten parcels of land located on Sheridan Road in North Chicago. Compl. at ¶¶ 2, 5. His properties were historically used for industrial purposes, including processing heavy metals. *Id.* Ex. A at 8. As a result, the soil, subsoil, and groundwater of his properties were contaminated with hazardous substances, such as boron, cadmium, copper, lead, and zinc. *Id.* at ¶ 6. He allegedly

contributed to the contamination. *Id.* Ct. I at ¶ 13. According to the complaint, human exposure to the contamination may cause ailments in the lungs, heart, kidney, liver, and stomach. *Id.* Ex. A at 8.

In March 2005, North Chicago served Hanovnikian with a notice of intent to sue. *Id.* at 1. North Chicago filed this case in February 2006, seeking injunctive relief, civil penalties, and attorneys' fees under RCRA, state and city statutes, as well as common law. Hanovnikian moves to dismiss the RCRA claim pursuant to Fed. R. Civ. 12(b)(1) and (6). Because North Chicago fails to state a RCRA claim, he argues, the remaining claims should also be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

### I.    Legal Standard

A motion to dismiss challenges the sufficiency of the complaint, and dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt*, 224 F.3d at 612. All that is required is a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Id.*

A document attached to a complaint is considered a part of the complaint. Fed. R. Civ. P. 10(c). North Chicago attached a notice of intent to sue as an exhibit to the complaint. *See* Compl.

2

Ex. A. The notice may be properly considered on a motion to dismiss. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

## II.    Standing

The Constitution limits the jurisdiction of federal courts to resolution of cases and controversies. U.S. CONST. art. III, § 2, cl. 1. To satisfy Article III standing, a plaintiff must allege an "injury in fact" caused by the conduct underlying the litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In addition, a plaintiff must show redressability – a likelihood that the requested relief will redress the alleged injury. *Id.*

North Chicago may satisfy the standing requirement by alleging either its own injuries or injuries of its residents. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 698 (7th Cir. 1976) ("[u]nless [the city] has alleged an injury to itself, it can establish standing only as a representative of its citizens who have been injured in fact"). Because RCRA applies to contamination that "present[s] an imminent and substantial endangerment to health or the environment," an allegation of imminent harm is sufficient for standing purposes. 42 U.S.C. § 6972(a)(1)(B); *see also Village of Elk Grove v. Evans*, 997 F.2d 328, 329 (7th Cir. 1993) ("even a small probability of injury is sufficient to create a case or controversy").

Hanovnikian argues North Chicago lacks standing to bring a RCRA claim because it fails to allege injury in fact. Contrary to this argument, North Chicago alleges "[the] release [of solid waste] presents an imminent and substantial endangerment to [North Chicago residents'] health." Compl. Ct. I at ¶ 14. In addition, according to its notice of intent to sue attached to the complaint, North Chicago incurred costs in assessing the release of hazardous substances on Hanovnikian's properties. *Id.* Ex. A at 2. These allegations satisfy the standing requirement. *See Gladstone*

3

*Realtors v. Village of Bellwood*, 441 U.S. 91, 110-11 (1979) (a municipality has standing if it suffered "adverse consequences" resulting from defendants' conduct); *see also Citizens for a Better Env't v. Caterpillar, Inc.*, 30 F. Supp. 2d 1053, 1065 (C.D. Ill. 1998) (Mihm, C.J.) (an environmental group has association standing to bring a RCRA claim if its members were exposed to imminent harm).

Hanovnikian argues North Chicago fails to show redressability, relying on *Wademan v. Concra*, 13 F. Supp. 2d 295 (N.D.N.Y. 1998) (Kahn, J.). In *Wademan*, former employees brought a RCRA claim based on alleged injuries resulting from contamination in their work site. *Id.* at 298-99. Because plaintiffs no longer worked at the site, they could not benefit from any remedial action under RCRA. *Id.* at 305. Their RCRA claim was therefore dismissed for lack of standing. *Id.* *Wademan* is distinguishable because the alleged contamination North Chicago seeks to redress is ongoing. Compl. Ct. I at ¶ 14. Thus, Hanovnikian's argument based on *Wademan* is unpersuasive.

## III. *Prima Facie* RCRA Claim

RCRA aims to minimize the present and future effects of hazardous waste. 42 U.S.C. § 6902(b). Under RCRA's citizen suit provision, North Chicago may bring a claim "against any person . . . who has contributed or who is contributing to the past or present handling . . . of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." *Id.* § 6972(a)(1)(B). Accordingly, to state a *prima facie* claim, North Chicago must allege three elements: (1) Hanovnikian's property contained solid waste; (2) he contributed to the handling of this waste; and (3) this waste may present an imminent and substantial danger to human health or the environment. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002).

4

The complaint tracks the language of 42 U.S.C. § 6972(a)(1)(B), alleging that:

(1)    "hazardous substances . . . have been released to [the] soil[], subsoil[], groundwater and physical structures [of Hanovnikian's properties]," Compl. at ¶ 6;

(2)    "Hanovnikian has contributed to the past or present handling . . . of 'solid wastes,'" *id.* Ct. I at ¶ 13; and

(3)    "the release[] of solid wastes . . . presents an imminent and substantial endangerment to health or the environment," *id.* at ¶ 14.

Hanovnikian challenges the sufficiency of these allegations.

### A.    Solid Waste

Hanovnikian argues North Chicago fails to plead facts showing the alleged release of hazardous substances constituted "solid waste" under RCRA. His argument conflicts with the liberal notice pleading standard. Fed. R. Civ. P. 8(a); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim"). Not surprisingly, Hanovnikian fails to cite any authority requiring a RCRA plaintiff to identify alleged contaminants at the pleading stage. Instead, he asserts that North Chicago's allegation of solid waste is a legal conclusion and should not be accepted as true. His assertion lacks merit because the complaint gives him sufficient notice of the RCRA claim. *See* Compl. Ct. I at ¶¶ 13, 14. Whether the alleged contaminants constitute solid waste under RCRA cannot be resolved on a motion to dismiss. *See Conley*, 355 U.S. at 48 (the purpose of pleading "is to facilitate a proper decision on the merits"). Accordingly, Hanovnikian's argument must be rejected.

### B.    Contribution

Hanovnikian argues North Chicago fails to plead facts to establish he contributed to the handling of solid wastes. He relies on five distinguishable cases. Three cases were decided on a

5

motion for summary judgment and are therefore inapplicable to a motion to dismiss. *See Aurora Nat'l Bank v. Tri Star Mktg., Inc.*, 990 F. Supp. 1020, 1022 (N.D. Ill. 1998) (Moran, J.); *Triffler v. Hopf*, No. 92 C 7193, 1994 WL 643237, at *1 (N.D. Ill. Nov. 4, 1994) (Williams, J.); *Zands v. Nelson*, 797 F. Supp. 805, 807 (S.D. Cal. 1992) (Thompson, J.). Equally inapposite are the other two cases cited by Hanovnikian: *Marriott Corp. v. Simkins Industries*, Inc., 929 F. Supp. 396 (S.D. Fla. 1996) (Ferguson, J.), and *First San Diego Properties v. Exxon Co.*, 859 F. Supp. 1313 (S.D. Cal. 1994) (Enright, J.). In both cases, RCRA claims were dismissed based on a finding that the RCRA defendants did not contribute to the alleged contamination. *See Marriot Corp.*, 929 F. Supp. at 398 n.2 ("[d]elay in taking remedial action upon discovery of contamination caused by a previous owner does not constitute wrongful handling [under RCRA]"); *First San Diego*, 859 F. Supp. at 1316 ("[t]he court finds [the alleged RCRA violator] has added no contaminants to the property"). Here, the complaint clearly alleges Hanovnikian contributed to the mishandling of hazardous substances. Compl. Ct. I at ¶ 13. Neither *Marriot Corp.* nor *First San Diego* is applicable. Hanovnikian's argument therefore lacks any legal basis.

## C.    Imminent Endangerment

Hanovnikian argues North Chicago fails to set forth facts to support the allegation that endangerment to human health is imminent. He relies on case law limiting RCRA's application to contamination that poses a present or future endangerment. *See, e.g., Meghrig v. KFC W., Inc.*, 516 U.S. 479, 488 (1996) ("[RCRA] does not contemplate the award of past cleanup costs"). While RCRA's limited scope is beyond dispute, it does not follow that at the pleading stage, a RCRA plaintiff is required to set forth specific facts to support an allegation of imminent endangerment. *See* Fed. R. Civ. P. 8(a) ("a short and plain statement of the claim" is sufficient). The complaint

sufficiently states a RCRA claim because it alleges that ongoing contamination "presents an imminent and substantial endangerment." Compl. Ct. I at ¶ 14. Accordingly, Hanovnikian's argument to dismiss Count I must fail. His arguments regarding dismissal of the remaining claims are moot.

## IV. Civil Penalties

In Count I, North Chicago seeks imposition of civil penalties under 42 U.S.C. § 6972(a). Compl. Ct. I at ¶ 16(B). Hanovnikian moves to strike this prayer for relief, arguing civil penalties are unavailable in a citizen suit. Contrary to his argument, § 6972(a) explicitly authorizes this court to assess "appropriate civil penalties under section 6928(a) and (g)." 42 U.S.C. § 6972(a). Civil penalties may be imposed in RCRA citizen suits. *Clorox Co. v. Chromium Corp.*, 158 F.R.D. 120, 128 (N.D. Ill. 1994) (Norgle, J.); *accord A-C Reorganization Trust v. E.I. DuPont de Nemours & Co.*, 968 F. Supp. 423, 429 (E.D. Wis. 1997) (Stadtmueller, C.J.); *Davis v. Sun Oil Co.*, 953 F. Supp. 890, 893 (S.D. Ohio 1996) (Rice, J.). Hanovnikian's argument lacks legal basis and must therefore be rejected.

**CONCLUSION**

For the reasons set forth above, Hanovnikian's motion to dismiss the complaint is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

May 30, 2006